## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES OF AMERICA    §
                            §
v.                              §         CRIMINAL NO. H-08-177
                            §
MAHENDRAKUMAR PATEL, *et al.*   §

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on discovery and other motions filed by several Defendants. The Court has reviewed the record in this case, including the motions and the responses. Based on this review and the application of relevant legal authorities, the Court rules on the pending motions as follows.

## I.    DISCOVERY AND OTHER MISCELLANEOUS MOTIONS

The Court previously ruled on similar discovery motions filed by other Defendants in this case. *See* Hearing Minutes and Order [Doc. # 75], entered May 2, 2008. Based on those prior rulings at the May 2, 2008 hearing, the scheduling order established during that hearing, and the representation by the Government that it "continues to make available any and all relevant documentary evidence gathered during the investigation into the facts underlying the Indictment" and will comply with its obligations under the Federal Rules of Criminal Procedure and relevant case

authority, the Court concludes that the discovery motions [Docs. # 61, # 62, # 71, # 107, and # 113] are moot.  If a Defendant has a specific need for any document(s) that the Government refuses to produce, that Defendant may bring the dispute to the Court's attention by filing a particularized motion and requesting a conference.

Also pending are a Motion to Allow Filing of Motions in Limine Immediately Prior to Trial [Doc. # 64]; Motions to Allow Counsel to Conduct Voir Dire [Docs. # 109 and # 114] in which each Defendant requests "a minimum of sixty (60) minutes" in which to examine the jury panel; Motions to Adopt Motions of Other Defendants [Docs. # 106, # 110, and # 116]; and Motions for Leave to Submit Questionnaire to Prospective Jurors [Docs. # 108 and # 115].  The Court grants the motion regarding motions in limine and requires that any motions in limine be filed no later than October 20, 2008.  The Court may, if appropriate, permit counsel to conduct some voir dire of the jury panel, but denies the request for each defendant to conduct voir dire for at least one hour.  Defendants are permitted to adopt the motions of other Defendants, but only to the extent that the other Defendant's motions are relevant.  The Court denies the request to submit questionnaires, beyond and in addition to the standard juror questionnaire provided by the Clerk's Office, to the potential jurors.

II.     **MOTION TO SUPPRESS**

Also pending is a Motion to Suppress [Doc. # 68] filed by Defendant Mahendrakumar Patel.  In the Motion, Defendant argues that the search warrant in this case was issued without probable cause and that it was executed beyond the hours authorized.   An affidavit used to support a search warrant is presumed valid.  *See Franks v. Delaware*, 438 U.S. 154 (1978).  A probable cause evaluation for issuance of a search warrant is based on a practical determination of whether, under the circumstances described in the supporting affidavit, there is a "fair probability" that contraband or evidence of criminal activity will be found at the place to be searched. *See United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

In this case, the affidavit supporting the search warrant at issue was sufficient to establish probable cause for the warrant to issue.  It described telephone toll records, financial records, and other evidence which, based on the affiant's training and experience, were evidence of Defendant's criminal activity and were likely to be found in Defendant's home.

Defendant's argument regarding the timing of the execution of the search warrant is without merit.  The warrant provided that the search should occur between the hours of 6:00 a.m. and 10:00 p.m.  The search began at approximately 6:00 p.m. and continued beyond 10:00 p.m.  A search that begins within the hours set forth in

the warrant, but extends beyond those limits, is not a basis to suppress evidence. *See, e.g., United States v. McCarty*, 475 F.3d 39, 44 (1st Cir. 2007).

The Court denies Mahendrakumar Patel's Motion to Suppress [Doc. # 68].

## III.   <u>MOTION TO DISMISS</u>

Defendant Mahendrakumar Patel has filed a Motion to Dismiss [Doc. # 73], seeking dismissal of the alleged violations of 8 U.S.C. § 1324 because the statute is void for vagueness. The United States Court of Appeals for the Fifth Circuit and other federal appellate courts have repeatedly upheld § 1324 against claims that it is void for vagueness. *See, e.g., Banderas-Aguirre v. United States*, 474 F.2d 985, 986 (5th Cir. 1973); *Bland v. United States*, 299 F.2d 105, 109 (5th Cir. 1962); *see also United States v. Moreno*, 561 F.2d 1321, 1322 (9th Cir. 1977). The Court denies the Motion to Dismiss.

## IV.   <u>MOTION TO SEVER</u>

Defendant Rakesh Patel has filed a Motion to Sever [Doc. # 111], seeking severance of his trial from that of co-defendants Mahendrakumar Patel and Alberto Pena. Rule 8 of the Federal Rules of Criminal Procedure provides that co-conspirators may be indicted together. *See* FED. R. CRIM. P. 8(b). Defendants in this case are charged with conspiracy to encourage and induce illegal immigration and to commit visa fraud.

Rule 14 of the Federal Rules of Criminal Procedure permits severance if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or a significant risk that a joint trial would prevent the jury from making a reliable decision regarding guilt or innocence.  *See* FED. R. CRIM. P. 14; *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Defendant Rakish Patel asserts that a joint trial with Mahendrakumar Patel would violate his right to a fair trial, citing *Bruton v. United States*, 391 U.S. 123 (1968).  *Bruton*, however, involved the admission of a co-defendant's confession, and there are no confessions at issue in this case.

Defendant asserts that a joint trial with Alberto Pena would violate his right to a fair trial because Defendant Pena, if he elects to testify, may be subject to impeachment based on one or more prior convictions.  Defendant does not explain how this would violate his own right to a fair trial and does not cite any legal authority to support his assertion.

The Court denies Rakesh Patel's Motion to Sever.

## V.   **MOTION TO SUPPRESS**

Defendant Alberto Pena has filed a Motion to Suppress [Doc. # 112] seeking suppression of emails recovered by accessing his "hotmail" email account.  The Government has confirmed that Defendant's "hotmail" account was not accessed, and

any emails from the account were retrieved only as saved "Word" documents. Counsel for Defendant Pena has stated to the Government that the Motion to Suppress was apparently filed based on a misunderstanding that the "hotmail" account was accessed during the search.  The Court denies Pena's Motion to Suppress.

## VI.   **CONCLUSION AND ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the pending discovery motions [Docs. # 61, # 62, # 71, # 107, and # 113] are **MOOT**.  It is further

**ORDERED** that the Motion to Allow Filing of Motions in Limine Immediately Prior to Trial [Doc. # 64] is **GRANTED** to the extent that Motions in Limine must be filed by October 20, 2008; the Motions to Allow Counsel to Conduct Voir Dire [Docs. # 109 and # 114] for "a minimum of sixty (60) minutes" are **DENIED**; the Motions to Adopt Motions of Other Defendants [Docs. # 106, # 110, and # 116] are **GRANTED** as explained herein, and the Motions for Leave to Submit Questionnaire to Prospective Jurors [Docs. # 108 and # 115] are **DENIED**.  It is further

**ORDERED** that Mahendrakumar Patel's Motion to Suppress [Doc. # 68] and Motion to Dismiss [Doc. # 73], Rakesh Patel's Motion to Sever [Doc. # 111], and Alberto Pena's Motion to Suppress [Doc. # 112] are **DENIED**.

Signed at Houston, Texas, this  21st day of August, 2008.

Nancy F. Atlas
United States District Judge